UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 18-cr-10451-LTS |
| WILMER ROQUE, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON MOTION TO VACATE CONVICTION
UNDER 28 U.S.C. § 2255 (DOC. NOS. 57, 63)

September 30, 2020

SOROKIN, J.

Wilmer Roque pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on July 16, 2019 pursuant to a negotiated plea agreement.  Doc. No. 37; see generally Doc. No. 63-1.[1]  As a condition of the plea agreement, Roque waived his right to appeal or to make any post-conviction challenge to his plea or his sentence, except that his right to raise claims of counsel ineffectiveness and prosecutorial misconduct was preserved.  Doc. No. 37 at 3-4; Doc. No. 63-1 at 8-9.  During his change-of-plea hearing, Roque confirmed that he understood the terms of his plea agreement including the appellate waiver, and that he was entering the plea voluntarily.  Doc. No. 63-1 at 8-11, 19-20.  The Court then explained the elements of the offense, including the government's obligation to prove beyond a reasonable doubt that Roque "knew, prior to [his] possession of the weapon, that [he] had been convicted of a crime punishable by more than one year in prison."[2]  Id. at 16-17.  Thereafter, the government

---

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers assigned by ECF.
[2] This element was articulated by the Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019), which issued after Roque's indictment but before his guilty plea.

outlined, and Roque agreed to, a factual basis for the plea containing a specific proffer that Roque had been convicted in 2016 of drug offenses for which he knew "he had received a sentence that exceeded one year." Id. at 18-19.

On October 8, 2019, this Court imposed the sentence recommended by the parties in the negotiated plea agreement: fifty-one months' incarceration, followed by thirty-six months of supervised released. Doc. No. 37 at 3; Doc. Nos. 45, 46, 47. Roque did not file a direct appeal. In June 2020, Roque filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, raising challenges arising from Rehaif. Doc. No. 57. He supplemented his motion in August 2020, Doc. No. 63, and the government opposed it in September, Doc. No. 67. Roque has not sought leave to reply, nor has he requested a hearing.

For reasons ably identified by the government, Roque's motion is DENIED. First, Roque knowingly and voluntarily waived his right to collaterally attack his conviction in his plea agreement.[3] He raised no challenge to the voluntariness of his plea at the plea hearing, the sentencing hearing, or promptly thereafter, nor did he pursue such a challenge in a direct appeal to the First Circuit. The claims he brings now are within the scope of the appellate waiver at issue—they neither concern counsel's effectiveness nor assert prosecutorial misconduct. This Court finds that enforcing the waiver in the circumstances presented does not risk a miscarriage of justice. See United States v. Teeter, 257 F.3d 14, 24-26 (1st Cir. 2001). Thus, the express terms of Roque's knowing and voluntary plea foreclose the challenges he now brings.

---

[3] The Court found previously, and affirms now, that Roque's waiver of his right to appeal was knowing and voluntary.

Second, Roque's Rehaif claims are not jurisdictional, so he cannot avoid the appellate waiver or the procedural default that results from his failure to pursue them previously.[4] See United States v. Burghardt, 939 F.3d 397, 402 (1st Cir. 2019) (finding guilty plea waived non-jurisdictional challenges to an indictment, including an alleged Rehaif defect).

Third, Roque has not alleged, let alone established, cause and prejudice to excuse his default.[5] See United States v. Windley, No. 14-cr-10197-PBS, 2020 WL 4583843, at *2-3 (D. Mass. Aug. 10, 2020) (finding no prejudice where the defendant "knew he [had been] convicted of a crime punishable by a term of imprisonment of more than a year, because he [had] served" more than a year).

Finally, nothing in the record before this Court would support a claim of actual innocence as an alternative means of overcoming Roque's default. See Doc. No. 63-1 at 17-20 (reflecting Roque's voluntary statement, under oath, that he understood and agreed with the government's factual proffer and was guilty of the elements of the offense, including the knowledge requirement as defined in Rehaif); see also United States v. Gates, 709 F.3d 58, 69-70 (1st Cir. 2013) (explaining that a defendant is bound by statements he makes at a plea hearing). Roque's attempt to cast his challenges as asserting structural error likewise fails. See Burghardt, 939 F.3d at 403-04 (requiring showing of prejudice even where both indictment and plea colloquy had failed to account for Rehaif); Windley, 2020 WL 4583843, at *3 (explaining showing of

---

[4] Roque's reliance on United States v. Peter, 310 F.3d 709, 714 (11th Cir. 2002), is misplaced, as even that decision distinguishes between "the affirmative allegation of specific conduct that is not proscribed by the charging statute" (which is jurisdictional) and a "claim that an indictment failed to allege an element of the charged offense" (which is not).

[5] Roque does not assert that he would not have pleaded guilty had he known of the defect in the indictment. His suggestion that prejudice arises because "the record is devoid of evidence that Roque . . . knew of his prohibited status"—in the same sentence that he admits he "previously served a state sentence in excess of a year"—speaks for itself. Doc. No. 63 at 10.

prejudice is required even for structural error if such error was not preserved and asserted on direct review).

Accordingly, Roque's motion to vacate his conviction under § 2255 (Doc. Nos. 47, 63) is DENIED. Because he has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

SO ORDERED.

  /s/ Leo T. Sorokin
United States District Judge